IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICKY RONNELL EWING, #34353                                       PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:18-CV-773-DPJ-FKB

DR. ARNOLD and DR. MCCORT                                DEFENDANTS

ORDER

This civil-rights case is before the Court on pro se prisoner Ricky Ronnell Ewing's Petition for Rehearing [5]. Ewing, an inmate of the Mississippi Department of Corrections, moves the Court to reconsider the Order Denying *In Forma Pauperis* Status and Dismissing Case [3] and the Final Judgment [4] dismissing this § 1983 case without prejudice. For the following reasons, Ewing's petition is denied.

I.      Standard

Because Ewing filed his petition within 28 days of judgment, the Court construes it as a motion to alter or amend under Federal Rule of Civil Procedure 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Under Rule 59(e), the court may alter or amend judgment under limited circumstances. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th

Cir. 2003) (citations and quotations omitted); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law").

II.     Discussion

Ewing filed this civil action under 42 U.S.C. § 1983 and sought leave to proceed *in forma pauperis* ("IFP"). The Court denied Ewing's request to proceed IFP based on his "three-strikes" and found that Ewing was not eligible for the imminent-danger exception to the three-strikes rule found in 28 U.S.C.§ 1915(g). Order [3] at 4.

In reaching this decision, the Court considered Ewing's claim that he was not provided "the right medical treatment" on August 1, 2017, for chest, back, arm, and leg pain, bad headaches, and a shoulder that bothers him "all the time." Compl. [1] at 3, 5. The Court found that Ewing sought redress for a past harm and that his allegations did not reach the level of a serious physical injury. Order [3] at 4. Because Ewing failed to show that he was in imminent danger of serious physical injury when he filed this lawsuit, § 1915(g) was inapplicable.

In his Petition for Rehearing, Ewing continues to argue that he was in imminent danger in August of 2017, more than a year before he filed this action, and further says that he did not file this case sooner because he was attempting to exhaust his administrative remedies. Ewing also says that he is disabled and without funds to pay the filing fee.

Ewing's motion raises no new arguments that were unavailable to him when he filed this lawsuit. Likewise, Ewing fails to establish manifest error or present newly discovered evidence. Finally, even if he waited to file until he exhausted his administrative remedies, that does not change the fact that he was not in imminent danger when he filed this suit. Therefore, Ewing fails to satisfy the requirements for obtaining relief under Rule 59(e).

III.     Conclusion

The Court has considered the pleadings and applicable law.  For the foregoing reasons, Ewing's Motion for Reconsideration will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that pro se Plaintiff Ricky Ronnell Ewing's Petition for Rehearing [5], which the Court construes as a motion under Rule 59(e), is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of January, 2019.

s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE